STEPANCHEV, APPELLEE, *v.* KOTNEY, APPELLANT.

(No. 3757—Decided March 6, 1946.)

*Mr. Paul C. Laybourne,* for appellee.

*Mr. D. M. Sifling* and *Mr. A. S. Greenbaum,* for appellant.

WASHBURN, P. J. Mike Stepanchev (appellee in this court) sued Mathew Kotney (appellant in this court) on a promissory note, and recovered a judgment upon the verdict of a jury.

The petition was in the short form under the statute, and the answer denied the allegations of the petition, and especially denied "that there was any consideration of any kind for the note attached to plaintiff's petition."

No reply to the answer was filed, and, after the jury had been impaneled, the appellant made a motion for judgment on the pleadings, because there was no reply to the answer.

The appellee promptly asked the court for leave to file a general denial to the answer, stating that the matter of a reply had been overlooked.

The appellant objected to the granting of such leave, and, after argument, the trial judge announced that, as the granting of the motion was in the discretion of the court, he would grant the leave to file a reply, which should be simply a denial of the claim of appellant that there was no consideration for the note; and thereupon the attorney for appellee asked the court the following question: "Then may we treat it as filed, or be adjourned to go downstairs and dictate it?" and the court ruled that they would go forward as if the reply had been filed. An exception was taken to the ruling of the court, the claim being that the court's action constituted an abuse of discretion and was therefore erroneous.

We have read the record, and are of the opinion that there was no abuse of discretion on the part of the court, and that, under the circumstances presented by the record, it would have been an abuse of discretion to have refused the request.

Thereafter, when appellee rested, the motion for judgment on the pleadings was renewed, and counsel for the appellee stated to the court that the reply had been filed, and that statement was not questioned or denied; and the motion for judgment on the pleadings was again overruled.

Thereafter, at the close of all of the evidence, the appellant again renewed his motion for judgment on the pleadings, which motion was again overruled.

It is now claimed and argued by the attorneys for the appellant, one of whom did not represent him at the trial, that, regardless of the question of abuse of discretion, it was error to render judgment upon the verdict, because the record in the clerk's office does not disclose that a reply was actually filed.

In determining that question, we consider not only the certificate of the clerk as to docket and journal entries, but also the record as disclosed by the bill of exceptions, and it is clear from the entire record that the only issue in the case was that as to whether there was any consideration for the note, and that both parties introduced all of their evidence on that issue, upon the ruling of the court that the reply should be considered as filed; that the appellant admitted the signing and delivery of the note; and that, under the charge of the court, the finding of the jury that the appellee established by a preponderance of all of the evidence that the note was given for a valuable consideration, is not manifestly against the weight of the evidence.

The only objection made was as to the granting of leave to file a reply, which we hold was properly granted; no objection was made as to the trial of the case without a reply being actually filed or to considering the reply as filed.

We find that, under such facts as are disclosed by the record in this case, the mere fact that the certificate of docket and journal entries does not disclose that a reply was filed, does not warrant the conclusion that there was prejudicial error in the trial of the case.

If no reply is filed to an answer of new matter constituting a defense, and the court, over objection, properly grants leave to file such reply, and, without objection thereto, proceeds to try the cause as though such reply had been filed, it is not prejudicial error to render a judgment on the verdict, although the clerk's records do not show that such reply was actually filed.

*Judgment affirmed.*

DOYLE and STEVENS, JJ., concur.