VMJ COMPANY, INC., APPELLEE, *v.* CITY OF LORAIN, APPELLANT; ET AL.

(No. 1397—Decided November 6, 1957.).

*Mr. Austin W. O'Toole* and *Mr. Andrew J. Warhola,* for appellee.

*Mr. Edward J. Conley,* city solicitor, for appellant.

DOYLE, J. This appeal springs from a declaratory judgment entered in the Court of Common Pleas of Lorain County, asserting "that the plaintiff, VMJ Company, Inc., is a bona fide inhabitant of the municipality of Lorain; that the plaintiff is legally entitled to water and sanitary sewer facility tap-ins from the municipality of Lorain at a point within said municipality to its building to be constructed and located partly within and partly without said municipality as shown by plaintiff's 'Exhibit A'; and that plaintiff is legally entitled to water and sewer services for the use of said entire building."

The city of Lorain and the named departments of municipal government, through their respective officers, against whom the litigation was directed, present the following claimed errors, which are asserted to be prejudicial, and require not only a reversal of the trial court's judgment, but a final judgment in their behalf:

"1. The trial court erred in overruling the defendants' motion for judgment on the pleadings.

"2. The trial court erred in overruling the defendants' motion for judgment at conclusion of plaintiff's case and conclusion of defendants' case.

"3. The judgment is not sustained by sufficient evidence and is contrary to law.

"4. The trial court does not have jurisdiction in the matter. "* * * *."

It is regretted that a bill of exceptions has not been filed, setting forth the testimony and exhibits in the trial. In the absence of such a bill, we are confined to an examination of the pleadings, the judgment, the papers in the case, and the transcript of the record; and from such examination must render our judgment.

Exhibit A, to which reference is made in the journal entry set forth above, is attached to and made a part of the petition. It is a map drawn to scale of "Eastgate Plaza—Shopping Center," and shows a building, with parking areas and service areas, a part of which is located within the corporate limits of the city, and a part without. From the pleadings, of which this map is a part, the transcript of the record, and the reasonable inferences to be drawn from the material before us, we find that the plaintiff plans to construct a shopping center building of 26 storerooms under one roof, 9 of which are to be within the corporate limits of Lorain, and 17 storerooms outside of the city limits, or approximately 35 per cent of the proposed storerooms within the city, and approximately 65 per cent beyond the city limits; the lands to be utilized for the proposed shopping center are shown to be approximately 4 acres within the city limits, and approximately 10 to 11 acres outside of the city limits.

It thus appears that the trial court had before it for decision the question of whether the VMJ Company, Inc., the petitioner for a declaratory judgment, is entitled to water and sewer services of the city of Lorain for the use of its entire project, when only a part of the lands and building comprising the project is situated within the corporate limits.

Under authority of Section 4, Article XVIII, of the Constitution of Ohio, the city of Lorain maintains and operates a sewer and water system for the use of its inhabitants. This constitutional grant of power is given in the following terms:

"Any municipality may acquire, construct, own, lease and

operate within or without its corporate limits, any public utility the products or service of which is or is to be supplied to the municipality or its inhabitants, and may contract with others for any such product or service.''

The plaintiff in this case is indeed an inhabitant, and may demand the service of the public utilities for his lands and buildings *within* the corporate limits.

By authority of Section 6 of the same Article of the Constitution:

''Any municipality, owning or operating a public utility for the purpose of supplying the service or product thereof to the municipality or its inhabitants, may also sell and deliver to others any transportation service of such utility and the surplus product of any other utility in an amount not exceeding in either case fifty per centum of the total service or product supplied by such utility within the municipality.''

This court, in speaking of this constitutional provision in *Miller, a Taxpayer,* v. *Village of Orrville,* 48 Ohio App., 87, at p. 91, 192 N. E., 474, observed that ''The 'others' referred to are necessarily *not* inhabitants of the municipality, and to sell and deliver its product or * * * service to one outside the municipality necessarily requires the extension of its facilities outside of the municipality.'' (Emphasis ours.)

Likewise, if products or services were to be delivered within a municipality for the service and use of an area without the municipality, in probability there would be required the enlargement and extension of its facilities within the corporation to carry the extra load or strain on the existing facilities.

In the instant case, the city has not legislated to serve the area beyond the city limits in which a part of the plaintiff's lands is situated, and upon which the greater part of its building is to be located. Indeed, the city is not required to so legislate, although it may do so if it so desires, within, of course, the limitations of the law.

The petitioner claims a right to the services despite the want of legislation, because a part of his property is within the city. To this question we now direct our attention.

Corporations, as well as persons, who are in possession of

real property within the city limits, are entitled in general to the use of the services of the municipal public utilities for their lands and buildings; and, by a strict interpretation of the law, such "inhabitants" might be said to be entitled to demand services only for those parts of the premises which actually lie within the corporate limits. However, such an interpretation, if applied indiscriminately, would impose, we think, artificial restraints upon the inhabitants which could be justified only by language of the city, pronounced by proper authority, clearly expressing an intention to accomplish such a result.

If, for instance, a *single* home or a *single* business or factory were located partly within and partly without a municipal corporation, to require the "inhabitant" owner or occupier to create a dividing line in the premises, and confine the water and sewers of one part of the premises to the municipal public utilities, and the water and sewers of the other part of the premises to other sources, would, we think, go beyond constitutional or legislative intent; it would, we believe, transcend the spirit and reason of the law.

Stating in different language the thoughts expressed above, we hold that, in the absence of proper legislation to the contrary, when a person or corporation occupies and uses land, on both sides of a municipal boundary line, which is a continuous parcel *wholly in the occupation of the owner* and on which there is a building in both the city and beyond the city limits, we find nothing in the law to restrain the owner from securing the services from the city within the city limits which such an owner or occupant needs for servicing the building and such other buildings as are necessarily accessory to the occupancy of the main building located on the boundary line.

Proceeding now a step further to the facts of the case before us. We have not said that water and sewer service shall be made available to the inhabitant within the corporate boundary for delivery to or the use of other persons or corporations occupying a part of the premises outside of the city limits, even though the part of the land or building used and occupied by the other persons or corporations is owned by the inhabitant, and is a part of a structure with a single roof. We *have* said that, to be entitled to the services on both sides of the

boundary line, the inhabitant must wholly occupy and use a single continuous parcel, and that this single continuous parcel shall consist of a main building on the boundary line and such other buildings as are necessarily accessory to the occupancy of the main building.

From the facts shown to exist in the instant case, the Court of Common Pleas was asked to declare the right of 17 occupants and users of storerooms, not inhabitants of the city of Lorain, to demand the service of the municipal public utilities; and that they have such right even in the absence of municipal legislation granting it.

The court, in its declaration that such a right exists, was, in the judgment of this court, in error; and, as a consequence, the judgment should be reversed and final judgment entered for the defendants.

It is of interest to note that there was pleaded in the amended answer of the defendants, Section 15 of the rules and regulations of the waterworks department. It read:

"Special notice is hereby given to all customers abutting the perimeter of the city, that no city water shall be piped beyond the corporate limits of the city of Lorain."

Also, in the amended answer, the following allegation was made:

"Defendants further say that plaintiff has made application for sewer and water facilities with the council of the city of Lorain; that after many hearings on said application, an ordinance was duly presented to council authorizing said services, which ordinance was defeated and thereby denied the application of plaintiff by said legislative body."

Whether this pleaded new matter has a bearing on the questions presented, we do not decide—it is not before us in this appeal.

Although it was not denied by reply, nevertheless the new matter, even if it constituted a defense, was subject to rebuttal by proper evidence.

"1. If no reply is filed to an answer of new matter constituting a defense but the cause is tried without objection as though such allegations had been denied, a demand for judg-

ment on the pleadings, after such party has introduced his evidence, is too late." *Lovell* v. *Wentworth*, 39 Ohio St., 614.

And see: 31 Ohio Jurisprudence, Pleading, Section 290; *Stepanchev* v. *Kotney*, 78 Ohio App., 363, 70 N. E. (2d), 279.

In the absence of a bill of exceptions, we cannot consider these allegations of the defendants. They are set forth not only by way of academic interest, but also as indicating a justiciable dispute as the basis for a declaratory judgment.

The judgment is reversed and final judgment is entered for the defendants.

*Judgment reversed.*

HUNSICKER, P. J., and STEVENS, J., concur.